HUMPHREY *v.* BAY REFINING COMPANY

1. NEW TRIAL—DISCRETION.

The remedy of a new trial rests largely in the discretion of the trial judge, but the trial judge does not have unlimited power to grant a new trial merely because he does not agree with the verdict.

2. NEW TRIAL—WEIGHT OF EVIDENCE—FINDING OF TRIAL COURT.

Finding by trial court that the jury's verdict in favor of plaintiff was supported by only minimal evidence and was against the preponderance of the evidence *held*, not sufficient to warrant granting of defendant's motion for a new trial, it being necessary that the verdict be against the great weight of the evidence or contrary to law to warrant the granting of such a motion (GCR 1963, 527.1[5]).

3. NEW TRIAL—PREJUDICE—SYMPATHY—FINDING OF TRIAL COURT.

Trial court's granting of defendant's motion for a new trial following an adverse jury verdict on grounds that the verdict might have been motivated by prejudice or sympathy in favor of plaintiff *held*, error where the record contains evidence that could provoke prejudice or sympathy in either direction and therefore the effect of sympathy or prejudice would be purely speculative (GCR 1963, 527.1[3]).

4. NEW TRIAL—GROUNDS FOR NEW TRIAL—COURT RULES.

The reasons given in the General Court Rules of 1963 for the granting of a new trial are not necessarily exclusive, but the list of reasons follows Michigan case law and therefore grounds relied upon to support a motion for a new trial should be analogous to those found in the rule (GCR 1963, 527.1).

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial §§ 13, 131, 201.
[2] 39 Am Jur, New Trial §§ 130–132.
[3] 39 Am Jur, New Trial § 28.
[4] 39 Am Jur, New Trial § 27.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 November 12, 1968, at Lansing. (Docket No. 3,556.) Decided March 24, 1969. Leave to appeal denied June 12, 1969. See 382 Mich 760.

Complaint by Robert O. Humphrey against Bay Refining Company, a division of the Dow Chemical Company, a Delaware corporation, for breach of contract. Verdict and judgment for plaintiff. Defendant's motion for new trial granted. Plaintiff appeals on leave granted. Reversed.

*T. George Sternberg* (*Milton E. Higgs*, of counsel), for plaintiff.

*Smith, Brooker, Harvey & Cook*, and *A. S. Farha*, for defendant.

BEFORE: Fitzgerald, P. J., and R. B. Burns and Robinson,* JJ.

Robinson, J. Plaintiff appeals on leave granted from an order of the trial court granting defendant's motion for a new trial.

Plaintiff sued for breach of contract. Much of the testimony was directed at the relations existing between plaintiff as employee and defendant as employer prior to and during negotiations leading up to what defendant termed an agreement which defendant allegedly breached. But the substantial question which presented itself was whether there was an agreement between the parties which was reduced to writing sufficiently to satisfy the statute of frauds (CL 1948, §§ 566.132, 566.108 [Stat Ann 1953 Rev §§ 26.922, 26.908]).

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

The trial court denied defendant's motions for directed verdict at the close of plaintiff's proofs and at the close of all the proofs and the jury brought in a verdict for plaintiff in the sum of $41,555. Defendant thereupon moved for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied the motion for judgment notwithstanding the verdict, but granted the motion for a new trial for the reason as stated by the court "that the facts which justify plaintiff's verdict are very minimal and accordingly any error could easily have been prejudicial." The errors which the court then went on to find consisted of the following:

(1) The jury finding that there was a meeting of the minds on duration and consideration was against the preponderance of the evidence.

(2) That the important issues were not clarified by the pleadings or by the conduct of the trial.

(3) That much of the proofs and argument were extraneous to the real issues and had the net effect of creating unduly a feeling of sympathy for the plaintiff and against the defendant.

(4) That the jury apparently adopted a theory of damages which was rejected by the court.

The guidelines for granting a new trial appear in GCR 1963, 527.1, which follows in part:

".1 Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes:

"(1) Irregularity in the proceedings of the court, jury, or prevailing party; or any order of the court or abuse of discretion which prevented the moving party from having a fair trial;

"(2) Misconduct of the jury or prevailing party;

"(3) Excessive or inadequate damages appearing to have been influenced by passion or prejudice;

"(4) A verdict which is clearly or grossly inadequate or excessive;

"(5) That the verdict or decision is against the great weight of the evidence, or is contrary to law;

"(6) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial;

"(7) Errors of law occurring in the proceedings, or mistakes of fact by the court;

"(8) On any ground stated in subrule 515.2, the motion specifying the defect or cause giving rise thereto;"

Our appellate courts have repeatedly emphasized that the remedy of a new trial rests largely in the discretion of the trial judge. Thus from *Patzke* v. *Chesapeake & Ohio Railway Company* (1962), 368 Mich 190, *cert. denied* 373 US 908 (83 S Ct 1298, 10 L Ed 2d 411), pp 194, 195:

" '[T]he granting of a new trial ordinarily rests in the discretion of the trial court, which, if not abused, cannot be interfered with by this Court. To warrant such interference, the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say that there was no justification or excuse for the ruling made.' * * *

" 'Even greater latitude is allowed the trial court in granting than in refusing new trials, and the appellate court will interfere more reluctantly where the new trial is granted than where it is denied, since in such cases the rights of the parties are not finally settled as they are where the new trial is refused.' "

Nevertheless the rule does not give a trial judge unlimited power to grant a new trial merely because he does not agree with the verdict. He may not substitute his judgment for that of the finders of fact, and a grant of new trial should be based upon

demonstrable errors in the trial. Or in the words of the court in *Herman* v. *Ploszczanski* (1963), 369 Mich 252, 257:

"\* \* \* such an order for a new trial must be based on the facts involved in a particular situation, and may not be predicated on conjecture or mere possibilities."

With these preliminaries, but before turning to an examination of the trial court's assigned errors, we affirm its order denying defendant's motion for judgment notwithstanding the verdict inasmuch as the judge explored in some detail the proofs offered to satisfy the statute of frauds and properly found that the plaintiff had met his burden of proof sufficiently that the court could not say as a matter of law that the plaintiff should not prevail.

As to the court's first finding of error, in granting the motion for a new trial, the judge found the evidence for the plaintiff minimal and against the preponderance of the evidence, but nowhere in his opinion does he find the requirements of the rule (GCR 1963, 527.1[5]) to the effect that the verdict was against the great weight of the evidence or was contrary to law.

As to the trial court's second and third findings of error, much extraneous matter appears in the record, most of it concerned with employer-employee relations between the parties prior to their lease negotiations. Any prejudice or sympathy which this may have generated in the minds of the jury could have worked for or against either party. It could as well be argued that proof of the sizeable sum paid plaintiff by defendant for his stock at the time of merger, or proof of plaintiff's alleged pilfering of records, generated prejudice against him as it could be argued that defendant's corporate structure and size generated prejudice against it. So, on

balance, the effect of sympathy or prejudice would appear to be purely speculative, and not grounds for a new trial, even in the absence of the trial court's instruction to the jury that they should disregard these matters and not be influenced by sympathy or prejudice.

As to the trial court's fourth finding of error, the rule (GCR 1963, 527.1[3]) permits the granting of a new trial for the awarding of excessive or inadequate damages, but the trial court's criticism of the verdict is not directed to this issue. Rather is it concerned with its belief that the jury computed damages on a theory propounded by the plaintiff and rejected by the court, *i.e.*, the measuring of expected profit by plaintiff's annual salary. Nothing forces this conclusion from a reading of that record and it must be concluded that the trial court was again indulging in speculation.

Although the eight subsections of the rule are not necessarily exclusive, the committee notes from 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 104, 105, make it clear that the list follows Michigan case law and it would seem that any grounds relied upon by a trial judge to support the granting of a new trial should be analogous to those found in the rule. None of the learned judge's reasons in this case come within this limitation on his discretion and the order granting the motion for a new trial is therefore reversed with costs to plaintiff-appellant.

All concurred.