BELL v MERRITT

Docket No. 56379. Submitted May 4, 1982, at Sault Ste. Marie.— Decided July 21, 1982. Leave to appeal applied for.

Michael S. Bell, while attempting to cross a highway, was struck by an automobile driven by Harold J. Merritt. Bell brought a negligence action against Merritt in Houghton Circuit Court. The jury found that both plaintiff and defendant were negligent, attributing 65% of the fault of the accident to plaintiff and assessing plaintiff's recoverable damages at $42,000. Judgment was entered, Stephen D. Condon, J. Defendant appeals. *Held:*

1. There was no error on the part of the trial court in failing to direct a verdict in defendant's favor. There was sufficient evidence to raise a jury question as to whether there was some negligence on the part of the defendant.

2. The trial court did not err in failing to grant defendant's motion for a directed verdict upon the issue of subsequent negligence. Plaintiff's opening statement and the pleadings were sufficient to prevent a directed verdict.

3. Defendant's contention that plaintiff had to concede negligence before asserting subsequent negligence is without merit.

4. This case does not present the proper opportunity for the demise of the doctrine of subsequent negligence.

5. The trial court did not err in instructing the jury that plaintiff should be entitled to a presumption of due care because he had no recollection of the accident.

6. Defendant's contention that the trial court erred by giving jury instructions addressing the matter of plaintiff's violation of the statute requiring a pedestrian to walk, facing traffic, on the

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 7, 9.
   75 Am Jur 2d, Trial § 489.
[2] 75 Am Jur 2d, Trial § 505.
[3, 4] 57 Am Jur 2d, Negligence § 394.
[5] 75 Am Jur 2d, Trial § 493.
[6] 58 Am Jur 2d, New Trial §§ 212, 213.
[7] 75 Am Jur 2d, Trial § 463.

left side of a road because plaintiff should have been found negligent as a matter of law for violating the statute was first raised in defendant's motion for a new trial. Thus, the issue was not properly preserved for appeal. Furthermore, even if an error did occur on this point, it was harmless error because the evidence indicated that plaintiff had been struck in the middle of the road and not as the result of walking on the right side of the road with his back to traffic.

7. If the trial court erred in the wording of its instruction on the negligence of plaintiff for violating the statute, the error was harmless.

8. The trial court did not abuse its discretion in declining to give additional jury instructions on subsequent negligence after such instructions were requested by the jury.

9. The trial court acted properly in refusing to allow a juror to testify that the jury did not understand the instructions on subsequent negligence.

10. The trial court did not err in denying defendant's motion for a new trial on the basis that the verdict was against the great weight of the evidence.

Affirmed.

1. TRIAL — DIRECTED VERDICTS.

A directed verdict in a negligence action is proper if, after considering the evidence and all legitimate inferences therefrom in a light most favorable to the nonmoving party, no reasonable person could find that the movant was negligent.

2. TRIAL — DIRECTED VERDICTS.

A directed verdict after opening statement is proper only when the opening statement plus the pleadings fail to establish a right to recover in the nonmoving party.

3. NEGLIGENCE — LAST CLEAR CHANCE.

A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm, the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care and the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm when he knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it.

4. NEGLIGENCE — LAST CLEAR CHANCE.

A plaintiff who, by the exercise of reasonable vigilance, could

discover the danger created by the defendant's negligence in time to avoid the harm to him can recover if, but only if, the defendant knows of the plaintiff's situation and realizes that the plaintiff is inattentive and fails to utilize with reasonable care and competence his opportunity to avoid the harm.

5. TRIAL — DIRECTED VERDICTS.

A directed verdict should not be granted whenever a fact question exists upon which reasonable persons can differ.

6. MOTIONS AND ORDERS — NEW TRIAL.

The granting or denial of a motion for a new trial is within the sound discretion of the trial court; however, the trial court does not have unlimited power to grant a new trial merely because it does not agree with the verdict.

7. TRIAL — JURY — VERDICTS.

A court may not substitute its judgment for that of the finders of fact, and where there is competent evidence to support the finding of the jury, its verdict should not be set aside.

*Tercha & Daavettila,* for plaintiff.

*Garfield W. Hood,* for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On the evening of January 10, 1980, plaintiff was struck by defendant's automobile while he was attempting to cross a highway. The jury found that both plaintiff and defendant were negligent. The jury attributed to plaintiff 65% of the fault of this accident and assessed plaintiff's recoverable damages at $42,000. From that judgment, defendant appeals as of right.

The testimony revealed that plaintiff attempted to hitchhike home after taking an examination at Michigan Technological University. Plaintiff managed to hitchhike part-way to his fraternity house but had problems making a second connection. After trudging through the snow and darkness for

some time, he observed a sign for a pay phone located across the road. As he was crossing the road, he was struck by defendant's automobile.

Defendant testified that his windshield wipers and headlights were in perfect working order. He additionally stated that his windshield was clean and his vision was not impaired. He estimated that his speed was somewhere around 45 miles per hour. There was testimony that either rain or snow was falling at the time.

Defendant stated that he saw the plaintiff for the first time when he was approximately 15 to 20 feet in front of the plaintiff. He instinctively applied the brakes, but there was insufficient time to stop and he struck plaintiff. Plaintiff was hit by the left front side of defendant's car.

There was testimony that, shortly before the impact, the defendant had passed an automobile which was proceeding in the opposite direction. The clothing of the plaintiff was described as either a dark or medium blue jacket and either beige, khaki, or brown corduroy pants. One person described plaintiff's appearance as he was lying alongside the road as "a big black object". A police officer testified that he had observed alongside the right side of the highway a set of footprints which showed that the person made an abrupt left turn onto the highway. The officer further concluded that plaintiff was close to the center of the road when he was struck.

Initially, defendant claims that the trial court erred when it failed to direct a verdict in his favor on the ground that there was no evidence that showed he was negligent. A directed verdict is proper if, after considering the evidence and all legitimate inferences therefrom in a light most favorable to plaintiff, no reasonable person could

find that defendant was negligent. *Hayes v General Motors Corp,* 106 Mich App 188, 192; 308 NW2d 452 (1981). In the instant case, the testimony established that the road was wet and slushy and that rain, freezing rain, or snow was falling. Defendant was traveling at a speed of 45 miles per hour at night. His vision was unobstructed, his windshield was clean, and his lights and wipers were in operating condition. Defendant testified that he did not see plaintiff until he was 20 feet in front of him. While the evidence was not overwhelming, it was sufficient to raise a jury question as to whether there was some negligence on the part of the defendant. *Earls v Herrick,* 107 Mich App 657, 662; 309 NW2d 694 (1981), *Beals v Walker,* 98 Mich App 214, 224; 296 NW2d 828 (1980), *lv gtd* 411 Mich 900 (1981). Therefore, there was no error on the part of the trial court in failing to direct a verdict in defendant's favor.

Next, defendant claims that the trial court erred in failing to grant defendant's motion for a directed verdict upon the issue of subsequent negligence. Defendant's motion was made after completion of opening statements and was renewed at the conclusion of proofs.

A directed verdict after opening statement is proper only when the opening statement plus the pleadings fail to establish plaintiff's right to recover. *Ambrose v Detroit Edison Co,* 380 Mich 445, 453-455, 459-460; 157 NW2d 232 (1968). After reviewing the record, we find that plaintiff's opening statement and the pleadings in this case were sufficient to prevent a directed verdict after opening statement.

We also find that the trial court did not err in failing to grant the motion at the conclusion of proofs.

In *Zeni v Anderson,* 397 Mich 117, 152; 243 NW2d 270 (1976), the Supreme Court adopted 2 Restatement Torts, 2d, §§ 479, 480, pp 530, 535, as properly stating the law of last clear chance (subsequent negligence) in Michigan. Section 479 refers to the "helpless plaintiff" and states that a plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm, the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care and the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm when he knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it. Section 480 refers to the "inattentive plaintiff" and states that a plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence in time to avoid the harm to him can recover if, but only if, the defendant knows of the plaintiff's situation and realizes that the plaintiff is inattentive and, therefore, unlikely to discover his peril in time to avoid the harm and, therefore, is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm.

A directed verdict should not be granted whenever a fact question exists upon which reasonable persons can differ. *Beals v Walker, supra.* We find that there was evidence indicating that plaintiff could fall into one of the two restatement categories as either a helpless plaintiff or an inattentive plaintiff. Plaintiff had no recollection of the accident. Defendant first saw plaintiff when plaintiff was 15 to 20 feet in front of him but was unable to

stop. When plaintiff was hit he was almost in the middle of the road. Therefore, we find that the trial court properly denied defendant's motion for a directed verdict.

Defendant also asserts that plaintiff should have been required to concede negligence before asserting subsequent negligence. This claim lacks merit because it is not necessary that plaintiff elect between theories of subsequent negligence and negligence. *St John v Nichols,* 331 Mich 148, 153; 49 NW2d 113 (1951), *Leemon v Leemon,* 56 Mich App 424, 430; 224 NW2d 328 (1974).

In addition, defendant maintains that plaintiff could not base his claim on the doctrine of subsequent negligence because that doctrine does not survive the adoption of comparative negligence as established in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). This problem was mentioned in *Placek, supra,* 700, fn 11, and in *Kirby v Larson,* 400 Mich 585, 645; 256 NW2d 400 (1977). While this doctrine may have outlived its usefulness after the adoption of comparative negligence, Schwartz, Comparative Negligence, § 7.2, pp 137-138; Prosser, Torts (4th ed), §§ 66, 67, pp 429-432, 438-439, we do not believe that this case presents the proper opportunity for the doctrine's demise.

Regarding jury instructions, the defendant claims that the trial court erred by instructing the jury that plaintiff should be entitled to a presumption of due care because of his lack of memory. This instruction is contained in SJI 10.09. Defendant made a timely objection. We find no error since the jury found that the plaintiff was 65% negligent.

Defendant also claims that the trial court erred by giving SJI 12.01 and 12.02. These two instructions addressed the matter of plaintiff's violation

of MCL 257.655; MSA 9.2355, failure to walk on the left side of the road facing traffic. We note that defendant failed to object to the trial court's instructions on the ground that plaintiff should have been found negligent as a matter of law for violating the statute. Defendant's objection to these instructions came solely in his motion for a new trial which is insufficient to preserve this issue for appeal. GCR 1963, 516.2. We further note that even if an error had occurred on this point, the error would be harmless as all the evidence indicated that plaintiff had been struck in the middle of the road and not as the result of walking on the right side of the road with his back to traffic.

Further, the defendant claims that the trial court erred in the wording of its instruction on the negligence of plaintiff for violating the statute by substituting the word "practical" for the word "practicable". While it is possible that the word "practical" was improper, this error can be considered harmless.

Defendant also claims that the trial court erred by failing to give supplemental instructions to the jury on the doctrine of subsequent negligence after the jury requested such instructions and by refusing to allow defendant to call a juror to the stand in order to show that the jury did not understand the instructions on subsequent negligence.

It is not entirely clear what the jury was requesting instruction on. The request stated:

"Could we please have a clarification of the various forms of contributory negligence—the things we were told about different cases of different parties being negligent * * * or canceling each other out, * * * it went by rather quick and we want to refresh our memories I hope you understand this request * * *."

We find no abuse of the trial court's discretion in declining to give additional instructions. We further find that the trial court acted properly in refusing to allow the juror to testify. *Hoffman v Monroe Public Schools,* 96 Mich App 256, 261; 292 NW2d 542 (1980).

Finally, the defendant claims that the trial court erred by denying defendant's motion for a new trial on the basis that the verdict was against the great weight of the evidence. GCR 1963, 527.1(5). The granting or denial of a motion for a new trial is within the sound discretion of the trial court. *Willett v Ford Motor Co,* 400 Mich 65, 70-71; 253 NW2d 111 (1977). However, the rule does not give the trial court unlimited power to grant a new trial merely because it does not agree with the verdict. The court may not substitute its judgment for that of the finders of fact. *Humphrey v Bay Refining Co,* 16 Mich App 394; 168 NW2d 314 (1969), *lv den* 382 Mich 760 (1969). Where there is competent evidence to support the finding of the jury, its verdict should not be set aside. We find no abuse of discretion on the part of the trial court. There was evidence to support the jury's verdict that defendant was negligent. Under such circumstances, the verdict cannot be said to be against the great weight of the evidence.

Affirmed.