KING v TAYLOR CHRYSLER-PLYMOUTH, INC

Docket No. 102309. Submitted January 10, 1990, at Detroit. Decided February 22, 1990.

Diane King purchased a 1981 Chrysler LeBaron station wagon from Taylor Chrysler-Plymouth, Inc. The vehicle had been a demonstration vehicle driven by a salesman approximately 3,000 miles but had no previous owner. The salesman wrote "full new car warranty" on the purchase order and stated that the vehicle would be rustproofed and that chips in the paint would be touched up. When King took delivery of the car, neither the rustproofing nor the touch-up painting had been done. Furthermore, despite numerous requests by King, those things were never done. Instead of a full new car warranty, King received a limited car warranty from Chrysler. After taking delivery of the car, King began experiencing a multitude of problems. King took the car to Taylor Chrysler-Plymouth for service approximately eight times before she stopped driving the car. Several of the problems were never corrected. King stored the car in her garage and rented other transportation. During the approximately ten months she used the car, King drove it 6,000 to 7,000 miles. She filed suit against Taylor Chrysler-Plymouth in Wayne Circuit Court, alleging breach of express warranty under the UCC, breach of implied warranty of merchantability, and breach of warranty under the Magnuson-Moss Warranty Act. Following trial, the jury returned a verdict in favor of plaintiff, finding a revocation of acceptance by plaintiff and breach of warranties by defendant. A damage award of $16,850 was rendered. The court, Thomas J. Foley, J., then granted plaintiff's motion for attorney fees and expenses in the amount of $11,560 under the Magnuson-Moss Warranty Act. The court denied defendant's motion for a new trial or judgment notwithstanding the verdict. Defendant appealed.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Appeal and Error § 894; Expert and Opinion Evidence §§ 32, 33, 37-46; New Trial §§ 549-556; Sales §§ 1235, 1310, 1311, 1323-1326; 1330; Trial §§ 116, 117.

Measure and elements of buyer's recovery upon revocation of acceptance of goods under UCC sec. 2-608(1). 65 ALR3d 388.

1. The jury's verdict finding revocation of the purchase of the automobile was not against the great weight of the evidence nor contrary to law. The trial court did not abuse its discretion by denying defendant's motion for a new trial.

2. The issue of consequential damages was properly before the jury.

3. Defendant's argument that plaintiff failed to mitigate her damages is rejected. The jury's finding that plaintiff acted reasonably in storing the vehicle, insuring it, and renting alternate transportation after her revocation of acceptance of the vehicle is supported by the evidence. All those costs were occasioned by defendant's failure to retrieve the car within a reasonable time.

4. The court did not err in allowing plaintiff's husband to testify as an expert concerning his opinion as to the car's stalling. Mr. King was properly qualified as an expert since he is a licensed automobile mechanic and has worked on Chrysler vehicles. Furthermore, his testimony assisted the trier of fact in understanding the evidence by giving his opinion that the car was unsafe to drive.

5. Defendant's argument that it is entitled to a new trial on the basis of newly discovered evidence is rejected. Defendant could have produced the evidence at trial.

6. Defendant is not entitled to a new trial on the basis of alleged judicial misconduct in the form of remarks which belittled defense counsel and prejudiced the jury against defendant. Although arguably improper, the isolated comment by the trial judge did not deprive defendant of a fair trial or unduly influence the jury. Moreover, the jury was later instructed to disregard any judicial comment or conduct which might seem to indicate an opinion.

7. Plaintiff's counsel's brief comment about a law not in effect at the time of the trial did not deprive defendant of a fair trial. The comment was brief and isolated, and the trial court immediately took curative action by striking the offensive comment and by instructing the jury accordingly.

8. The trial court's instruction based upon the Michigan Consumer Protection Act did not result in error requiring reversal. Even without the claimed error, the result would not have been any different. Thus, the error, if any, was harmless and does not compel reversal.

9. The trial court's award of $11,560 in attorney fees to plaintiff was neither excessive nor contrary to law.

Affirmed.

1. MOTIONS AND ORDERS — NEW TRIAL.

A new trial may be granted, on some or all of the issues, if a verdict is against the great weight of evidence; the grant or denial of a motion for a new trial on the ground that the verdict is against the great weight of the evidence is a matter addressed to the sound discretion of the trial judge, whose exercise of that discretion will not be disturbed on appeal unless a clear abuse is shown (MCR 2.611[A][1][e]).

2. TRIAL — JURY — VERDICTS.

The jury's verdict should not be set aside if there is competent evidence to support it; the trial court cannot substitute its judgment for that of the factfinder.

3. AUTOMOBILES — SALES — UNIFORM COMMERCIAL CODE — REVOCATION OF ACCEPTANCE.

A buyer of a defective automobile has no duty to deliver the car to the seller to revoke her acceptance of the car; she need only hold the car with reasonable care for a time sufficient to allow the seller to retrieve the car (MCL 440.2608; MSA 19.2608).

4. SALES — WARRANTIES — UNIFORM COMMERCIAL CODE — REMEDIES.

The parties to a sales agreement may, under the Uniform Commercial Code, agree to limit remedies and damages for breach of the agreement; however, where the limited remedy fails in its purpose or operates to deprive either party of the value of the bargain, the parties may pursue other remedies provided in the Uniform Commercial Code, including incidental and consequential damages (MCL 440.2714, 440.2715, 440.2719; MSA 19.2714, 19.2715, 19.2719).

5. DAMAGES — MITIGATION OF DAMAGES — CONTRACTS — BURDEN OF PROOF.

The injured party in a contract action must make every reasonable effort to minimize his damages, however, the burden is on the defendant to establish that the injured party has not used such efforts.

6. EVIDENCE — EXPERT TESTIMONY.

The decision whether to admit or exclude expert testimony is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse; the requirements for the admission of expert testimony are: (1) the witness must be an expert; (2) there must be facts in evidence which require or are subject to examination and analysis by a competent expert; and (3) there must be knowledge in a particular area that belongs more to an expert than to the common man; however,

the critical inquiry with regard to expert testimony is whether such testimony will aid the factfinder in making the ultimate decision in the case.

7. Appeal — Judicial Misconduct — Criticism of Counsel.

A trial court's criticism of defense counsel may be ground for reversal; the dispositive question is whether the court's participation in the trial denied the defendants a fair and impartial trial by unduly influencing the jury.

8. Trial — Jury — Erroneous Instructions.

Not all instructional error requires reversal; reversal is mandated only where failure to vacate the jury's verdict would be inconsistent with substantial justice.

9. Attorney and Client — Attorney Fees — Magnuson-Moss Warranty Act.

The Magnuson-Moss Warranty Act allows recovery of attorney fees upon successful suit under a written or implied warranty under state law (15 USC 2310[d]).

10. Attorney and Client — Attorney Fees — Reasonableness — Appeal.

Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client; an award of attorney fees will be upheld on appeal unless it appears on review that the trial court's finding on the reasonableness issue was an abuse of discretion.

*Schlussel & Drazin, P.C.* (by *William S. Weiler*), for plaintiff.

*Joseph J. George,* for defendant.

Before: Griffin, P.J., and Reilly and R. B. Burns,* JJ.

Griffin, P.J., Defendant appeals as of right from

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

a jury verdict awarding plaintiff $16,850 in damages and an order allowing attorney fees to plaintiff of $11,560 in this dispute involving a 1981 Chrysler LeBaron station wagon that plaintiff purchased from defendant. We affirm.

I

Plaintiff purchased the subject vehicle from defendant in May of 1981. Plaintiff was told by a salesman for defendant that the car was a demonstration vehicle which had been driven by a salesman approximately 3,000 miles but had no previous owner. Plaintiff testified that the salesman, Bobbie Boggs, wrote "full new car warranty" on the purchase order and stated that the vehicle would be rustproofed and that chips in the paint would be touched up. Plaintiff understood the "full new car warranty" to mean that the car would be covered for twelve months after the date of purchase or for 12,000 miles in addition to the miles already on the car. In purchasing the car for a total purchase price of approximately $10,050, plaintiff paid a deposit of $100, gave defendant a $9,560 cashier's check, and traded in her 1974 Cadillac for a $396.15 credit.

When plaintiff took delivery of the car on June 1, 1981, the touch-up painting had not been done, nor had the car been rustproofed as promised. Despite numerous requests by plaintiff, defendant never completed this work. Plaintiff also received a limited car warranty from Chrysler dated May 29, 1981, which covered the repair of any part proving defective in materials and workmanship in normal use during the twelve month/12,000 mile warranty period.

Plaintiff began experiencing problems with the car within one week of delivery. The temperature

light began to go on and off sporadically, the temperature and fuel gauges malfunctioned, and the car began to stall periodically. Plaintiff also had problems with the power antenna, the right rear storage latch, the stereo tuner knob, the rear door lock, the molding, and the transmission. Eventually, the speedometer broke and the transmission began leaking.

Plaintiff brought the car to defendant for service approximately eight times before she stopped driving the car on March 12, 1982. Although many of the problems were repaired, the paint, stalling, speedometer, speed control and transmission leakage problems were never corrected. Plaintiff and her husband stored the car in their one-car garage and started it every other day. Plaintiff rented a 1979 Granada from her father for $50 per week between April 4, 1982, and January 27, 1983, and continued to insure her car at a cost of $500 per year. Plaintiff had driven her car approximately 6,000 to 7,000 miles before storing the vehicle.

The jury returned a verdict in favor of plaintiff finding a revocation of acceptance by plaintiff and breach of warranties by defendant. A damage award of $16,850 was rendered.

Defendant moved for a new trial or judgment notwithstanding the verdict, arguing numerous issues. On the same day, plaintiff filed motions for attorney fees and expenses under both the Magnuson-Moss Warranty Act, 15 USC 2310(d), and under the mediation sanction court rule. Defendant thereafter filed a supplemental brief asserting that Mr. King had committed perjury by testifying that he had not worked on the car during the warranty period.

The lower court granted plaintiff's motion for attorney fees and expenses in the amount of $11,560, under the Magnuson-Moss Warranty Act.

The court denied defendant's motion for a new trial or judgment notwithstanding the verdict.

II

On appeal, defendant raises eight issues. First, defendant asserts that the jury's verdict finding revocation of the purchase of the automobile was against the great weight of the evidence and contrary to law. We disagree.

A new trial may be granted, on some or all of the issues, if a verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). The grant or denial of a motion for a new trial on the ground that the verdict is against the great weight of the evidence is a matter addressed to the sound discretion of the trial judge, whose exercise of that discretion will not be disturbed on appeal unless a clear abuse is shown. *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985), reh den 424 Mich 1201 (1985). The jury's verdict should not be set aside if there is competent evidence to support it; the trial court cannot substitute its judgment for that of the factfinder. *Bell v Merritt,* 118 Mich App 414, 422; 325 NW2d 443 (1982), lv den 417 Mich 954 (1983).

MCL 440.2608; MSA 19.2608 provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) *Revocation of acceptance must occur within a*

*reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.*

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them. [Emphasis added.]

MCL 440.2602(2); MSA 19.2602(2) provides that if a buyer rejects goods and

(b) if the buyer has before rejection taken physical possession of goods . . . he is under a duty after rejection to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them; but

(c) the buyer has no further obligations with regard to goods rightfully rejected.

In the instant case, defendant was served with plaintiff's complaint less then one month after plaintiff began storing the vehicle. In paragraph 15 of Count i of plaintiff's complaint, plaintiff tendered the car to defendant in exchange for the purchase price. We conclude that the complaint itself placed defendant on notice of plaintiff's revocation within a reasonable time from when she discovered that the nonconformity substantially impaired the value of the vehicle. Moreover, plaintiff had no duty to deliver the car to defendant to revoke her acceptance; she had only the duty to hold the car with reasonable care for a time sufficient to allow the seller to retrieve the car. See *Colonial Dodge, Inc v Miller,* 420 Mich 452; 362 NW2d 704 (1984).

Accordingly, we find that the jury's verdict is not against the great weight of the evidence and

conclude that the trial court did not abuse its discretion by denying defendant's motion.

### III

Next, defendant argues that, because the written new car warranty expressly excludes incidental and consequential damages, the issue was not properly before the jury and defendant is entitled to a new trial as to damages. We disagree.

Although MCL 440.2719(a); MSA 19.2719(a) allows a warranty agreement to "limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts," § (b)(2) provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act."

MCL 440.2714; MSA 19.2714 provides:

> (1) Where the buyer has accepted goods and given notification . . . he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.
>
> * * *
>
> (3) In a proper case any incidental and consequential damages under the next section may also be recovered.

MCL 440.2715; MSA 19.2715 states:

> (1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commer-

cially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incidental to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include:

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

Incidental and consequential damages are allowable under the above sections. *Kelynack v Yamaha Motor Corp, USA,* 152 Mich App 105; 394 NW2d 17 (1986). Moreover, the seller must repair or replace the defective part or condition within a reasonable time, which depends on the nature and circumstances of the case. *Id.*

In the present case, the evidence showed that plaintiff took the car to defendant for repair of the stalling problem seven times over a period of nine months. The repairs were unsuccessful and, as a result, plaintiff became fearful of driving the car.

Thus, we find that evidence was presented that the limited warranty failed in its essential purpose and plaintiff was entitled to pursue other remedies. Having placed this issue before the jury, plaintiff was entitled to present evidence of consequential damages, which are allowable under MCL 440.2714-440.2715; MSA 19.2714-19.2715.

IV

For its third issue, defendant argues that plaintiff failed to mitigate her damages.

The injured party in a contract action must

make every reasonable effort to minimize his or her damages. However the burden is on the defendant to establish that the plaintiff has not used such efforts. *Gorman v Soble,* 120 Mich App 831, 846; 328 NW2d 119 (1982). Since the jury in the instant case found that plaintiff effectively revoked her acceptance of the vehicle, her only duty with respect to the car was to hold it with "reasonable care" pending defendant's retrieval of the vehicle. MCL 440.2602(2)(b); MSA 19.2602(2)(b).

Plaintiff argued in closing that she acted reasonably after her revocation in storing and insuring the vehicle and in renting alternate transportation. The jury was instructed on this issue and apparently agreed that plaintiff acted reasonably. Where there is competent evidence to support the finding of the jury, its verdict should not be set aside. *Bell, supra* at 422. Our review of the record indicates that the jury's finding that plaintiff acted reasonably is supported by the evidence. Indeed, all of these costs were occasioned by defendant's failure to retrieve the car within a reasonable time. Accordingly, we find no error requiring reversal.

v

Next, defendant argues that the trial court abused its discretion by allowing Mr. King to testify as an expert concerning his opinion as to the cause of the car's stalling. In addition, defendant contends that King's denials that he had ever worked on the car constitute perjury necessitating a new trial. We disagree.

The decision whether to admit or exclude expert testimony is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse. *Syrowik v Detroit,* 119 Mich

App 343, 347; 326 NW2d 507 (1982). The requirements for the admission of expert testimony are: (1) the witness must be an expert; (2) there must be facts in evidence which require or are subject to examination and analysis by a competent expert; and (3) there must be knowledge in a particular area that "belongs more to an expert than to the common man." *O'Dowd v Linehan,* 385 Mich 491, 509-510; 189 NW2d 333 (1971). However, the "critical inquiry with regard to expert testimony is whether such testimony will aid the factfinder in making the ultimate decision in the case." *People v Smith,* 425 Mich 98, 105; 387 NW2d 814 (1986); *Cirner v Tru-Valu Credit Union,* 171 Mich App 163, 169; 429 NW2d 820 (1988); MRE 702.

In the instant case, King was properly qualified as an expert since testimony revealed that he is a licensed automobile mechanic and that he has worked on Chrysler vehicles. Moreover, it is clear that his testimony "assist[ed] the trier of fact [in] understand[ing] the evidence" by giving his opinion that the car was unsafe to drive. The evidence given bore on the central issue whether the car contained a defect that substantially impaired the value of the vehicle to plaintiff. Accordingly, we conclude that the trial court did not abuse its discretion by allowing King to testify as an expert.

Defendant argues that it is nonetheless entitled to a new trial because of King's allegedly perjured testimony that he never worked on the car. Defendant asserted that plaintiff's next-door neighbor had seen and photographed King working on the subject vehicle, contrary to King's trial testimony that he had not.

A new trial may be ordered on grounds of "[m]isconduct of the jury or of the prevailing party," MCR 2.611(A)(1)(b), or "[m]aterial evidence, newly discovered, which could not with reasonable

diligence have been discovered and produced at trial." MCR 2.611(A)(1)(f).

King's next-door neighbor testified that this information was given to defendant in the form of a letter and photograph prior to trial. Therefore the trial court properly denied defendant's motion for new trial since defendant could have produced this evidence at trial.

VI

For its fifth issue, defendant argues that it is entitled to a new trial due to judicial misconduct in the form of remarks which belittled defense counsel and prejudiced the jury against defendant. We disagree.

While a trial court's criticism of counsel may be grounds for reversal, the appropriate test is whether the court's participation denied the defendant a fair and impartial trial by unduly influencing the jury. *People v Young,* 364 Mich 554; 111 NW2d 870 (1961); *People v Turner,* 99 Mich App 733, 746; 298 NW2d 848 (1980), rev'd on other grounds 411 Mich 897 (1981).

During a lengthy and unfocused examination of a witness by defense counsel, the trial court stated:

> I don't really—you are pretty much spinning your wheels on this witness so far. I don't understand why he is on the stand even?

Although arguably improper, we cannot see how this isolated comment by the trial judge in any way deprived defendant of a fair trial or unduly influenced the jury. Moreover, the jury was later instructed to disregard any judicial comment or conduct which might seem to indicate an opinion. Accordingly, we conclude that defendant was not deprived of a fair trial.

VII

Defendant also argues that plaintiff's counsel's reference to and misstatement of a Michigan statute deprived it of a fair trial, notwithstanding the trial court's comments and curative instruction. We disagree.

As stated by our Supreme Court in *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 102-103; 330 NW2d 638 (1982):

> When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. Tainted verdicts need not be allowed to stand simply because a lawyer or judge or both failed to protect the interests of the prejudiced party by timely action.

In the instant case, plaintiff's counsel made a brief comment apparently in reference to MCL 257.1403(3)(a); MSA 9.2705(3)(3)(a), which creates a presumption that a reasonable number of attempts to repair a vehicle have been made if the vehicle has undergone repairs at least four times for the same defect or condition. This statute was not in effect for the instant case. However, plaintiff's comment was brief and isolated, and the trial

court immediately took curative action by striking the offensive comment and by instructing the jury accordingly. Therefore, our review of the record does not convince us that these comments deprived defendant of a fair trial.

### VIII

For its seventh issue, defendant argues that, because plaintiff made no allegations and produced no evidence of unlawful, unfair or deceptive acts by defendant as defined by the Michigan Consumer Protection Act, MCL 445.903; MSA 19.418(3), the trial court's instruction based upon that act resulted in error requiring reversal. We disagree.

Jury instructions are reviewed by this Court in their entirety and should not be extracted piecemeal. Reversal is not mandated unless failure to vacate the jury's verdict would be inconsistent with substantial justice. *Johnson v Corbet,* 423 Mich 304; 377 NW2d 713 (1985). Not all instructional error requires reversal; reversal is mandated where the result might well have been different without the error. *Slayton v Michigan Host, Inc,* 144 Mich App 535; 376 NW2d 664 (1985).

At issue in the instant case is the following jury instruction given by the trial court:

> On the question of whether there was consent, a waiver, Michigan law makes [it] an unlawful and unfair and deceptive act [in] the conduct of trade or commerce to enter [into] a consumer transaction in which the consumer waives or [purports] to waive a right, benefit or immunity provided by the law unless the waiver is clearly stated and the consumer has specifically consented to it.
>
> The Implied Warranty [of] merchantability as

claimed by Plaintiff in this action is a right and benefit provided by the law to the Plaintiffs. The right to receive incidental and consequential damages is a right and benefit provided by law to the Plaintiffs. Therefore, unless you find that the Plaintiffs specifically consented to waive their rights to Implied Warranty of merchantability, have received incidental and consequential damages, it is your duty to find any attempt by the Defendant to disclaim the Implied Warranty or to limit remedies of incidental and consequential damages, is invalid because it is contrary to the Law of Michigan.

This instruction, given at plaintiff's request, was based on the Michigan Consumer Protection Act, MCL 445.903; MSA 19.418(3):

(1) Unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows:

* * *

(t) Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

Plaintiff argues that the implied warranty of merchantability is a "benefit" under subsection (t). Plaintiff relies on *Mikos v Chrysler Corp,* 158 Mich App 781; 404 NW2d 783 (1987), wherein this Court held that an implied warranty is a "promised benefit" under the Michigan Consumer Protection Act, MCL 445.903(1)(y); MSA 19.418(3)(1)(y), and that the "[b]reach of an implied warranty constitutes a 'failure to provide the promised benefits'" in violation of the Michigan Consumer Protection Act. *Mikos,* pp 783-784. From this, plaintiff argues that a consumer must specifically consent to waive

an implied warranty under MCL 445.903(1)(t); MSA 19.418(3)(1)(t).

Defendant, on the other hand, argues that the exclusion or modification of implied warranties is governed by the ucc, MCL 440.2316(2); MSA 19.2316(2), and the Michigan Consumer Protection Act, MCL 445.903(1)(p); MSA 19.418(3)(1)(p). Under those sections it is unlawful to disclaim implied warranties unless the disclaimer "is clearly and conspicuously disclosed." Defendant asserts that plaintiff's proposed instruction conflicts with these sections and is therefore an incorrect interpretation of the law. Furthermore, defendant asserts that the jury may have made its award of incidental and consequential damages on the basis of erroneous instruction, finding that defendant did not effectively disclaim and therefore breached the implied warranty of merchantability and fitness.

We need not decide whether plaintiff's or defendant's argument is the correct interpretation of the law since, having reviewed the instructions in their entirety, we are convinced that even without the claimed error the result would not have been different. The evidence showed that in addition to any implied warranty, defendant also expressly warranted to plaintiff that the subject vehicle would be free from defects in the quality of workmanship and that it would be fit for ordinary purposes for which it was intended when the sales representative wrote "full new car warranty" on the sales order. Moreover, it was clear from the evidence that defendant breached this warranty. Thus, there is an alternative basis for the jury's verdict which is supported by the evidence. Accordingly, the alleged error in the complained-of instruction does not compel reversal.

IX

Finally, defendant argues that the trial court's

award of $11,560 in attorney fees to plaintiff was excessive and contrary to law. We disagree.

The Magnuson-Moss Warranty Act allows recovery of attorney fees upon successful suit under a written or implied warranty under state law. 15 USC 2310(d). We believe that plaintiff's complaint gave defendant adequate notice that the Magnuson-Moss remedies would be sought at trial. Further, we believe that such issues were tried by the express or implied consent of the parties. MCR 2.118(C); *Goins v Ford Motor Co,* 131 Mich App 185, 195; 347 NW2d 184 (1983), lv den 422 Mich 857 (1986).

In determining whether an award of attorney fees is reasonable, we use the following standards:

> (1) [T]he professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982).]

An award of attorney fees will be upheld on appeal unless it appears on review that the trial court's finding on the "reasonableness" issue was an abuse of discretion. *Id.* at 588.

Viewing the schedule of actual time expended by plaintiff's attorney which was included with plaintiff's motion for attorney fees, and taking into account the additional expense incurred after that date for countering defendant's motion for a new trial and judgment notwithstanding the verdict, we conclude that the award of $11,560 in attorney fees to plaintiff was reasonable.

Affirmed.