# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND CUDDINGTON,

        Plaintiff-Appellant,

v

UNITED HEALTH SERVICES, INC.,

        Defendant-Appellee.

UNPUBLISHED
January 12, 2016

No.   322102
Tuscola Circuit Court
LC No.   09-025614-CZ

Before:  WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this retaliatory-discharge action brought under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*., plaintiff appeals by right from a judgment of no cause of action entered following a jury verdict.  We affirm.

This case was before us in *Cuddington v United Health Servs, Inc*, 298 Mich App 264; 826 NW2d 519 (2012).  In that appeal, we vacated the trial court's order granting defendant summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact).  On remand, the case proceeded to trial[1] and resulted in a jury verdict in favor of defendant.  Plaintiff filed a motion for judgment notwithstanding the verdict (JNOV) or alternatively for a new trial, which the court denied.

Plaintiff argues on appeal that the court gave improper instructions on the questions before the jury.  We disagree.

In our prior opinion we set forth the relevant law:

---

[1] The testimony presented at trial was consistent with the factual background that this Court set forth in the previous appeal in this case.  See *Cuddington, 298 Mich App at 268-270*.  Plaintiff, who was employed by defendant for approximately 12 years, was involved in an automobile accident during the course of his employment.  Plaintiff's employment was terminated the following day when he called in to work and informed his employer that he would not be coming to work that day due to injury.

While employees have the right to seek medical services for work-related injuries, we readily acknowledge that not all injuries may actually require treatment. Rather, whether an employee "needed" medical services following a workplace injury necessarily requires a fact-intensive reasonableness inquiry focusing on the totality of the circumstances surrounding the employee, the workplace, the nature of the injury, and the injury's adverse effect on the employee's overall health and well-being. No single factor is dispositive, and a reasonableness inquiry may encompass any evidence bearing on whether medical services were necessary. This inquiry may include whether the injury involved a significant event—such as in this case, an automobile accident and whether the injury caused pain or diminished the employee's ability to perform his or her job responsibilities. Medical records may bear on whether medical services were reasonably necessary following the injury. As discussed in more detail below, the employee bears the burden of proving that he or she needed medical services following a workplace injury. [*Cuddington*, 298 Mich App at 274-275.]

The trial court's instructions to the jury were fully consistent with these directions and we find no error of law.

Plaintiff also argues that any argument made by defendant relating to the reasonableness or necessity of medical services constituted an affirmative defense that defendant waived by not raising in its answer or affirmative defenses. "Under MCR 2.111(F)(3), affirmative defenses must be raised it in the responsive pleading, unless they previously have been raised in a motion for summary disposition before the filing of a responsive pleading, MCR 2.111(F)(2)(a)." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993). Failure to do so constitutes a waiver of that defense. *Id*. However, since, "the employee bears the burden of proving that he or she needed medical services following a workplace injury," *Cuddington*, 298 Mich App at 275, it need not be raised as an affirmative defense. "An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff." *Stanke*, 200 Mich App at 312.

Finally, plaintiff argues that the trial court erred in denying his motion for JNOV or new trial on the grounds of insufficient evidence or great weight of the evidence respectively. A trial court's decision on a motion for JNOV is reviewed de novo. *Diamond v Witherspoon*, 265 Mich App 673, 681; 696 NW2d 770 (2005). "In reviewing the decision on a motion for JNOV, this Court views the testimony and all legitimate inferences drawn from the testimony in the light most favorable to the nonmoving party. If reasonable jurors could honestly have reached different conclusions, the jury verdict must stand." *Id*. at 682 (citations omitted). A trial court's decision on a motion for a new trial is reviewed for an abuse of discretion. *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 546; 854 NW2d 152 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011). Similarly to a motion for JNOV, in reviewing the decision on a motion for a new trial, "this Court views the evidence in a light most favorable to the nonmoving party, giving due deference to the trial court's decision because of its ability to evaluate the credibility of the testimony and evidence presented to the jury." *Landin*, 305 Mich App at 546.

This Court may overturn a jury verdict " 'only when it was manifestly against the clear weight of the evidence.' " *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999), quoting *Watkins v Manchester*, 220 Mich App 337, 340; 559 NW2d 81 (1996). "[T]he jury's verdict should not be set aside if there is competent evidence to support it." *Ellsworth*, 236 Mich App at 194. This Court "should not substitute its judgment for that of the jury unless the record reveals a miscarriage of justice." *Id*. "This Court gives deference to the trial court's unique ability to judge the weight and credibility of the testimony" and to its "determination that the verdict is not against the great weight of the evidence." *Id.*

Plaintiff's arguments as to the weight of the evidence have merit. However, it is not for this Court to reverse a jury verdict and the trial judge's denial of post-trial motions for relief simply because we may view the facts differently than did the jurors. And although the medical record was consistent with plaintiff's claim, it was very scant and the jury was not bound to accept it as conclusive.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause