*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GOLDEN GIBSON,

Plaintiff-Appellant,

v

ESTATE OF VIRGINIA DANILOWICZ, and
ESTATE OF WALTER DANILOWICZ, by
ROBERT PENCE, Administrator,

Defendants-Appellees.

UNPUBLISHED
February 14, 2019

No. 341579
Jackson Circuit Court
LC No. 15-000102-NZ

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff, Golden Gibson, appeals by right the trial court's judgment in favor of defendant Estate of Virginia Danilowicz and defendant Robert Pence, administrator of the Estate of Walter Danilowicz. The trial court entered the judgment following a jury trial in which the jury returned a no cause of action verdict in favor of defendants. We affirm.

## I. BACKGROUND

Plaintiff began leasing a parcel of property from Walter and Virginia Danilowicz[1] in 2000, for the purpose of operating a salvage yard. In 2008, plaintiff executed a land contract with Walter and Virginia. At trial, plaintiff testified that, before he signed the land contract, Walter informed him that the property was "good" and "clean" and that there was "nothing wrong" with the property. Plaintiff further testified that, shortly after he made the final balloon payment in 2014 to acquire the deed to the property, Walter disclosed to him that he had

---

[1] Because of their shared last name, we will use first names to identify Walter and Virginia Danilowicz.

disposed of barrels on the property, but did not disclose what was in the barrels, other than to indicate that they contained a "dangerous substance."

The land contract signed by the parties contained explicit provisions where plaintiff consented that he was purchasing the property in its present condition and the seller did not make any representations or warranties about the property. For example, in ¶ 13, plaintiff explicitly agreed that seller made "no representations or warranties and makes no representations or warranties as to the condition of the premises." Paragraph 26 contained similar provisions.

After Walter died, plaintiff filed suit against Virginia and Walter's estate, arguing that he would not have purchased the property if he had known about the purportedly buried barrels. Plaintiff did not excavate the property or dig up any of the barrels that were allegedly buried on the property. An employee of an environmental services company testified on plaintiff's behalf that ground-penetrating radar identified quite a few anomalies on the property that were consistent with the size of 55-gallon drums. The witness subsequently conceded that the anomalies were also consistent with the size of other things, such as an engine block.

Following the close of proofs at trial, the trial court granted defendants' motion for a directed verdict regarding plaintiff's claims of fraudulent misrepresentation, negligent misrepresentation, and innocent misrepresentation. Plaintiff agreed to dismiss his claim for violation of the Natural Resources and Environmental Protection Act, his negligence claim, and his unjust enrichment claim. The trial court only submitted plaintiff's silent-fraud claim to the jury, which returned a no-cause of action in favor of defendants. Plaintiff now appeals.

II. ANALYSIS

A. DIRECTED VERDICT

Plaintiff argues that the trial court erred in granting defendants' motion for a directed verdict and dismissing his claims of fraudulent misrepresentation, innocent misrepresentation, and negligent misrepresentation.

We review de novo the trial court's grant or denial of a motion for directed verdict. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 446; 844 NW2d 727 (2013). Resolution of this issue requires that we interpret the applicable provisions of the disputed land contract. Issues of contract interpretation involve questions of law that we also review de novo. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). Finally, we review de novo preliminary questions of law regarding the admissibility of evidence. *Waknin v Chamberlain*, 467 Mich 329, 332; 653 NW2d 176 (2002).

At trial, plaintiff testified that before he signed the land contract, Walter informed him that the property was "good" and "clean" and that there was "nothing wrong" with the property. The land contract contained provisions that indicated that the seller made "no representations or warranties and makes no representations or warranties as to the condition of the premises." The trial court held that this language "is a bar to any testimony, parole [sic] testimony, of any representations made prior to the execution of the land contract." The trial court noted that the

clause did not bar a silent-fraud claim. The trial court instructed the jury to disregard evidence of statements made by Walter that the condition of the property was fine because the parties "had put into a land contract in which [plaintiff] agreed that seller has made no representations or warranties regarding the condition of the premises and the structures and improvements thereon." At the close of proofs, the trial court granted a directed verdict as to the negligent, fraudulent, and innocent misrepresentation claims.

On appeal, plaintiff argues that the trial court erred in granting the directed verdict as to the three claims; plaintiff contends that the trial court granted the directed verdict pursuant to its erroneous ruling with respect to parol evidence. We disagree.

This Court has described the parol-evidence rule as follows: "[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). "This rule recognizes that in back of nearly every written instrument lies a parol agreement, merged therein." *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998) (cleaned up). "The practical justification for the rule lies in the stability that it gives to written contracts; for otherwise either party might avoid his obligation by testifying that a contemporaneous oral agreement released him from the duties that he had simultaneously assumed in writing." *Id*. (cleaned up).

There are exceptions to the general rule that bars parol evidence to contradict the terms of a contract. Specifically, "[p]arol evidence is generally admissible to demonstrate fraud, which, if proved, would render the contract voidable by the innocent party." *Hamade v Sunoco Inc (R & M)*, 271 Mich App 145, 169; 721 NW2d 233 (2006). When a contract contains an integration clause, however, parol evidence is only admissible to demonstrate fraud that, if proved, would invalidate the integration clause or the entire contract. *Id*. at 169-170.

In this case, plaintiff's claims of fraudulent misrepresentation, innocent misrepresentation, and negligent misrepresentation all required proof of a false representation. See *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 284; 803 NW2d 151 (2011); *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 621; 769 NW2d 911 (2009). Plaintiff alleged that the seller's acts or omissions regarding representations about the property induced him to enter into the land contract. The trial court did not err in barring parol evidence to prove the claims. Although the land contract did not have an integration clause, other provisions regarding the conditions of the property, such as ¶ 13 and ¶ 26, were similar to an integration clause on that issue. Specifically, the land contract contained explicit provisions where plaintiff consented that he was purchasing the property in its present condition and the seller expressly made no representations or warranties about the property. Given these provisions of the land contract, plaintiff cannot show that the precontract statements amounted to a false representation.

The trial court properly excluded parol evidence in this case; plaintiff was aware that the land contract provided that there were no warranties as to the condition of the land and that he was purchasing the land in its present condition. Thus, plaintiff's testimony regarding statements made before execution of the land contract did not amount to proof of a false representation.

Plaintiff failed to introduce evidence that would have invalidated the warranty provisions in the contract. The warranty clauses nullified "all prior and contemporaneous agreements, understandings, representations, and warranties," and plaintiff was not entitled to rely on parol evidence to contradict the explicit terms of the contract. See *Hamade*, 271 Mich App at 170-171. Plaintiff cannot show that defendants' precontract representations induced him to enter the contract when he signed the contract and agreed that defendants did not warrant or make representations as to the condition of the premises.

In sum, the trial court did not err in excluding parol evidence and did not abuse its discretion in granting defendants' motion for directed verdict on plaintiff's fraudulent, innocent, and negligent misrepresentation claims.

## B. MOTION TO AMEND COMPLAINT

Next, plaintiff argues that the trial court erred in denying his motion to amend his complaint. We review a denial of leave to amend a complaint for an abuse of discretion. *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 400-401; 729 NW2d 277 (2006). The determination that a trial court abused its discretion involves more than a difference in judicial opinion. A trial court abuses its discretion when an unprejudiced person considering the facts would say that there was no justification or excuse for the ruling made. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761; 685 NW2d 391 (2004).

Plaintiff filed his complaint on January 13, 2015. Plaintiff moved to amend the complaint on June 6, 2017, to add a claim under the Uniform Voidable Transactions Act (UVTA), MCL 566.31 *et seq*., and to add Pence as a party to the action. Plaintiff alleged that he learned of several transactions that Virginia effectuated that transferred assets out of her estate upon her death. Plaintiff alleged that these were fraudulent transactions. The trial court denied the motion to amend.

The UVTA creates a cause of action for fraudulent transfers. See MCL 566.34(1). The act requires proof of "actual intent to hinder, delay, or defraud any creditor of the debtor." MCL 566.34(1)(a). Any recovery under the UVTA necessitated that plaintiff succeed on his claims at trial. Plaintiff did not succeed on his claims at trial. Absent success on at least one of his underlying claims, plaintiff could not prove that he was a creditor of the estate. In the event that plaintiff was successful on one of his claims, he could have moved for proceedings subsequent to the judgment. See MCL 600.6128. Accordingly, the trial court did not abuse its discretion in denying plaintiff's motion to amend the complaint.

## C. NEW TRIAL/JNOV

Finally, plaintiff argues that the trial court erred in denying his motion for a mistrial on the second day of trial and in denying his post-judgment motion for judgment notwithstanding the verdict (JNOV) or for a new trial.

"We review a trial court's decision with regard to a motion for JNOV de novo." *Morinelli v Provident Life & Accident Ins Co*, 242 Mich App 255, 260; 617 NW2d 777 (2000). We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *Persichini v William Beaumont Hosp*, 238 Mich App 626, 635; 607 NW2d 100 (1999).

-4-

There was a 15-day delay between the first and second day of trial. At the outset of the second day of trial, plaintiff's counsel moved for a mistrial because of the delay. The trial court denied the motion, noting that one of the attorneys was ill and stating that plaintiff was not guaranteed that the trial would proceed on consecutive days.

A trial court has discretion to grant a new trial for "[i]rregularity in the proceedings of the court, jury, or prevailing party." MCR 2.611(A)(1)(a). In this case, the delay did not result in an irregularity that denied plaintiff a fair trial. Defendants did not engage in conduct that caused the delay; rather, the trial court noted that an attorney fell ill after the first day of trial. In addition, plaintiff's counsel admitted that he had a vacation during part of the delay. Plaintiff had an opportunity to refresh the jury's recollection of the first day of trial during closing argument, and he cannot show that he was denied a fair trial. The trial court did not abuse its discretion when it denied the motion. See *Gilbert*, 470 Mich at 761-762.

Following the jury's verdict, plaintiff moved for JNOV or for a new trial. Plaintiff argued that the verdict was against the great weight of the evidence, contrary to law, and that the trial was fraught with irregularities that denied plaintiff a fair trial. The trial court denied the motion.

"When deciding a motion for JNOV, the trial court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party and determine whether the facts presented preclude judgment for the nonmoving party as a matter of law." *Pontiac Sch Dist v Miller, Canfield, Paddock & Stone*, 221 Mich App 602, 612; 563 NW2d 693 (1997). "If reasonable jurors could have honestly reached different conclusions, the jury verdict must stand." *Morinelli*, 242 Mich App at 260-261.

A trial court has discretion to grant a new trial when a "verdict or decision [is] against the great weight of the evidence or contrary to law." MCR 2.611(A)(1)(e). "When a party claims that a jury's verdict was against the great weight of the evidence, we may overturn that verdict only when it was manifestly against the clear weight of the evidence." *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999) (cleaned up). "This Court will give substantial deference to a trial court's determination that the verdict is not against the great weight of the evidence." *Id*. (cleaned up). A trial court may not "substitute its judgment for that of the factfinder, and the jury's verdict should not be set aside if there is competent evidence to support it." *Id*.

The trial court instructed the jury on the elements of silent fraud. At trial, plaintiff introduced evidence to show that there were anomalies underground at the property and that the anomalies were consistent in size to 55-gallon drums. Plaintiff testified that he would not have signed the land contract had he known about the barrels. Another witness testified that he saw barrels on the property in 1979. Plaintiff contends that defendants did not refute any of this evidence; therefore, he claims that the jury's verdict is against the great weight of the evidence. The jury was free, however, to find that plaintiff and plaintiff's witnesses were not credible because "the question of credibility ordinarily should be left for the fact-finder." See *Dawe v Bar-Levav & Assoc (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010).

Alternatively, the jury could have concluded that plaintiff failed to introduce testimony to show that the presence of the barrels amounted to a material fact about the property that was not disclosed. Plaintiff did not produce any evidence concerning the contents of the barrels. Moreover, plaintiff's expert agreed that the size of the anomalies were consistent with other objects such as large car parts. In addition, the jury could have found that plaintiff did not have a false impression about the condition of the property because he signed a contract in which he agreed that the seller did not make any representations regarding the condition of the property. Finally, given that there was no evidence concerning the contents of the alleged barrels, the jury could have determined that plaintiff did not prove damages. For all these reasons, the jury's verdict was not manifestly against the clear weight of the evidence. See *Ellsworth*, 236 Mich App at 194. Accordingly, the trial court did not err in denying plaintiff's motion for JNOV. For the same reasons, to the extent that plaintiff argues that he was entitled to a new trial, his argument lacks merit.

Affirmed. Defendants, having prevailed in full, may tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause