*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JACQUELINE SAUCILLO,

      Plaintiff-Appellee,

v

CITY OF DETROIT,

      Defendant-Appellant,

and

JOHN DOE,

      Defendant.

UNPUBLISHED
January 19, 2023

No. 360352
Wayne Circuit Court
LC No. 20-013696-NI

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

In this interlocutory appeal involving the Governmental Tort Liability Act ("GTLA"), MCL 691.1401 *et seq.*, defendant, the City of Detroit ("Detroit"), appeals as of right the order denying its motion for partial summary disposition under MCR 2.116(C)(7) and (10).[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from an October 17, 2019 automobile accident involving plaintiff, Jacqueline Saucillo. Saucillo was a passenger on a bus operated by the City of Detroit Department of Transportation ("DDOT"). Saucillo was injured after the bus driver, John Doe, stopped suddenly to avoid a collision with another vehicle.

Saucillo filed a four-count complaint alleging, in part, ordinary negligence against Doe, and that Detroit was vicariously liable for Doe's negligence. Detroit moved for partial summary

---

[1] Defendant John Doe was the bus driver. Although Doe is a party to the trial court proceedings, he is not party to this appeal.

disposition under MCR 2.116(C)(7) and (10). According to Detroit, it was immune from liability under the GTLA and the "sudden emergency doctrine." The trial court denied the motion, finding there was a sufficient question of fact whether the sudden emergency doctrine applied. This appeal followed.

## II. SUDDEN EMERGENCY DOCTRINE

Detroit argues the trial court erred in denying its partial motion for summary disposition because there was no genuine dispute of fact that the sudden emergency doctrine applied. We disagree.

## A. STANDARD OF REVIEW

We review de novo a grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(7) if the defendant is entitled to "immunity granted by law." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012); quoting MCR 2.116(C)(7). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered." *Maiden*, 461 Mich at 119.

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. A trial court correctly grants summary disposition under this subsection when "the proffered evidence fails to establish a genuine issue regarding any material fact[.]" *Id*. Courts should "consider[] affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. The burden-shifting framework of this court rule holds:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted)].

This case also involves issues of statutory interpretation, which are reviewed de novo. *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning[.] When construing a statute, we must assign

every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. [*Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020), quoting *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016).]

## B. LAW AND ANALYSIS

Unless an exception applies, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). The motor-vehicle exception is one exception to a governmental agency's immunity from tort liability. This exception provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. A finding of negligence requires establishment of the following elements: "(1) duty, (2) breach, (3) causation, and (4) damages." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014) (quotation marks and citation omitted).

The pertinent issue concerns the second element—whether Doe breached the standard of care when operating defendant's bus. "Ordinary care means the care that a reasonably careful person would use under the circumstances." *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000). Even so, a governmental agency may avoid liability if a sudden emergency occurred. "The sudden-emergency doctrine applies when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making." *White v Taylor Distrib Co, Inc*, 482 Mich 136, 139-140; 753 NW2d 591 (2008) (citation omitted).

Detroit moved for partial summary disposition, contending that a sudden emergency arose when a white vehicle pulled in front of the bus, causing Doe to slam on the brakes. Attached to the motion for partial summary disposition were Saucillo's medical records, which reported: "Ms. Saucillo was an unrestrained Detroit City bus passenger traveling on Warren Road when the driver suddenly hit the brakes extremely hard. She believes it was to avoid a collision. [Saucillo] was talking to the bus driver at the time of the incident." Detroit also attached an affidavit from Doe stating: "[A] white vehicle pulled in front of the coach and stopped suddenly, which forced me to stop the coach."

Saucillo's response to the motion for summary disposition disputed Detroit's recitation of the events. In Saucillo's view, the accident was not caused by a vehicle stopping abruptly in front of the bus. Rather, the accident was caused by Doe's failure to "carefully monitor the traffic ahead and maintain a safe distance between himself and the vehicle in front of him." Saucillo recounted that immediately before the accident, Doe was "turning his head, looking in the mirrors at his passengers, and attempting to join their conversation . . . . [H]ad the driver been paying attention[,] he would have noticed upcoming traffic and stopped." Attached to Saucillo's response was her affidavit reporting that Doe was not paying attention and was turning his head to converse with the passengers. She also attached her deposition testimony, which included a similar report.

Under the burden-shifting framework of an MCR 2.116(C)(10) motion for summary disposition, the moving party bears the initial burden of supporting their allegations with

"affidavits, depositions, admissions, or other documentary evidence." *Quinto*, 451 Mich at 362. Detroit satisfied this burden by presenting evidence that the accident was caused by a white vehicle stopping suddenly. The burden then shifted to Saucillo to refute these allegations with similar documentary evidence. Saucillo satisfied her burden because her evidence shows Doe was talking to the passengers instead of paying attention to the road. The trial court was required to construe the conflicts in the evidence in a light most favorable to Saucillo. Therefore, it was proper for the trial court to deny Detroit's motion for summary disposition because Saucillo's evidence demonstrates Doe's negligence may have caused the accident. Detroit's arguments in this appeal ask this Court to weigh Saucillo's evidence against her. However, we cannot substitute our judgment for that of the fact-finder, and we decline to do so now. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999).

Affirmed.


/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett