*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HUNTINGTON NATIONAL BANK,

        Plaintiff/Counterdefendant-Appellee,

v

KEVIN JOHN RIEMAN,

        Defendant/Counterplaintiff/Cross-
        Plaintiff-Appellant

v

MATTHEW L. REYES, CAROL J. REYES,

        Defendants/Cross-Defendants-Appellees

and

MELISSA A. RIEMAN, RIEMAN & REYES LLC,
and R & R MIDWEST PROPERTIES LLC,

        Defendants.

UNPUBLISHED
December 12, 2025
1:41 PM

No. 373686
Bay Circuit Court
LC No. 2022-003731-CH

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant, Kevin Rieman, appeals by right the trial court order granting relief to plaintiff, The Huntington National Bank (Huntington Bank), on its claim of breach of contract. On appeal, Rieman ostensibly argues that there was insufficient evidence to support that Huntington Bank was a party to the contract. We affirm.

## I. BACKGROUND

-1-

This case arose after Rieman and his business partner, Matthew Reyes, defaulted on a commercial loan from Chemical Bank. Rieman and Reyes, both practicing attorneys, executed a promissory note dated February 22, 2013, in favor of Chemical Bank in the amount of $306,129. The note was secured by a mortgage on the attorneys' office building. R & R Midwest Properties, LLC, guaranteed the loan in exchange for a quit claim deed on the office building. The note matured in 2018, without payment or refinancing. In 2019, Chemical Bank notified Rieman and Reyes of their default and demanded payment in full. Also in 2019, Chemical Bank merged with TCF Bank. Then, TCF Bank merged with Huntington Bank in 2021.

Huntington Bank sued Rieman and Reyes for breach of contract. In turn, Rieman sued Reyes for breach of fiduciary duty concerning his role in the nonpayment of the loan. Default judgment was entered against Reyes, but Huntington Bank's claim against Rieman proceeded to a three-day bench trial. Huntington Bank's only witness was Joan Johnson, the asset recovery officer responsible for Rieman's loan. Johnson testified that at the time the loan was made in 2013, she was employed with Chemical Bank. She remained an employee of the bank through the merger with TCF Bank and the merger with Huntington Bank. Johnson testified that she had no firsthand knowledge of the specifics of the mergers, but she was confident that Huntington Bank became the owner of Rieman's loan and continued to service it.

The trial court determined by a preponderance of the evidence that Rieman was liable for breach of contract. The trial court also determined that Reyes was not liable for breach of fiduciary duty. Rieman moved in the trial court for post-judgment relief, which the trial court denied. Rieman now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Rieman argues that Huntington Bank failed to produce sufficient evidence that it was entitled to sue Rieman for breach of contract. In particular, Rieman asserts that Huntington Bank should have provided the merger agreement between Chemical Bank and TCF Bank to prove that Huntington Bank became the legal owner of the promissory note at issue—and thus a proper party to the claim. We are not persuaded.

A trial court's findings of fact in a bench trial are reviewed for clear error, and its conclusions of law are reviewed de novo. *Chelsea Investment Group, LLC v City of Chelsea*, 288 Mich App 239, 250; 792 NW2d 781 (2010); MCR 2.613(C). "A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made." *Chelsea*, 288 Mich App at 251. This Court gives deference to the trial court's unique ability to judge the weight and credibility of the testimony. *Ellsworth v Hotel Corp of Am*, 236 Mich App 185, 194; 600 NW2d 129 (1999).

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). Notably, Rieman does not dispute any of these elements regarding the alleged breach of the loan contract—he argues only that he is not liable for breach of contract because Huntington Bank failed to present sufficient evidence that it was a party to the loan contract.

MCR 2.201(B) provides that "[a]n action must be prosecuted in the name of the real party in interest. . . ." The real party in interest is a party that is vested with a right of action in a given claim, although the beneficial interest may be with another. *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 356; 833 NW2d 384 (2013). In general, standing requires a party to have a sufficient interest in the outcome of litigation to ensure vigorous advocacy and "in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992) (citation and quotation marks omitted). In short, plaintiffs must assert their own legal rights and cannot rest their claims to relief on the rights or interests of third parties. *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). Regarding mergers, under traditional banking and corporate law, one entity steps into the shoes of the other and there is no need to transfer assets. See, e.g., 12 USC 215; MCL 450.1724(1)(d); 12 CFR 5.33(g)(2)(iv); *Kim v JP Morgan Chase Bank, NA*, 493 Mich 98, 104; 825 NW2d 329 (2012).

Rieman did not provide—and this Court is not aware of—any source of law that requires a plaintiff in a breach-of-contract claim involving a promissory note acquired through merger to produce the merger agreement. In fact, the only case that Rieman cited in his entire brief was *Ellsworth*, 236 Mich App 185. In *Ellsworth*, a visitor sued a hotel operator for negligence after she tripped on a sidewalk on hotel premises, and a jury returned a verdict of no cause of action. *Id*. at 187. On appeal, the plaintiff argued that the trial court erred by refusing to use Standard Jury Instruction 2d 6.01, which states that when a party fails to produce evidence under its control without a reasonable excuse, a jury may infer that the evidence would have been adverse to that party. *Id*. at 193. However, this Court noted that particular instruction is appropriate only when the evidence is material—not merely cumulative—and then determined that the management contract was not material for assessing the hotel operator's negligence. *Id*.

In the present case, the issue was not tried before a jury but before the trial court, so jury instructions are not relevant. Additionally, the merger agreement would have been cumulative of Johnson's testimony that Huntington Bank acquired the loan through the mergers. There is also a "presumption that a trial judge in a bench trial knows the applicable law." *People v Sherman-Huffman*, 466 Mich 39, 43; 642 NW2d 339 (2002). The trial court is therefore presumed to have weighed the lack of the merger agreement against the other evidence, in particular, Johnson's testimony. See *id*.

Indeed, the trial court's opinion substantiates that presumption. The trial court considered and rejected Rieman's argument that Huntington Bank lacked the right to pursue recovery on the promissory note—characterizing the contention as "nonsensical considering the evidence presented at trial." The trial court then made the following findings:

> This Court is satisfied with Ms. Johnson's testimony by a preponderance standard that Chemical Bank was acquired by merger by TCF which was later acquired by merger by the Huntington National Bank. Though the actual merger documents were not presented as an exhibit, this Court finds that is of no consequence due to the credibility of Ms. Johnson's testimony. Ms. Johnson testified that although she had no personal knowledge of the merger documents between the entities, she had been an employee of Chemical Bank when the merger with TCF occurred. Additionally, as a TCF employee, she became an employee of the Huntington

National Bank with the merger with TCF. Additionally, Ms. Johnson testified that in her capacity as the Asset Recovery Officer for the Huntington National Bank she became responsible for the recovery of Mr. Rieman's promissory note from 2013. Although there was some testimony by Ms. Johnson that it was true that with the merger between TCF and the Huntington National Bank some loans had been sold to a different banking entity, she testified that Mr. Rieman's note had not been sold and that she had been assigned the responsibility to recover it. In a merger, under traditional banking and corporate law, one entity merely steps into the shoes of the other and there is no need to transfer assets. The transaction occurs without any voluntary or affirmative action in a merger, and it is a transfer by operation of law. *Kim v JP Morgan Chase Bank, NA* 493 Mich 98, 115-116 (2012). Mr. Rieman's promissory note, then, is not a Chemical Bank note, but rather, with the merger became a promissory note of the Huntington National Bank. Therefore, this Court is not persuaded by Mr. Rieman's argument that Plaintiff has no authority to collect on the default.

In giving the trial court due deference for its ability to judge Johnson's testimony, *Ellsworth*, 236 Mich App at 194, we are not left with a "definite and firm conviction that a mistake has been made." *Chelsea*, 288 Mich App at 251. Accordingly, Rieman is not entitled to relief on this basis.

## III. BREACH OF FIDUCIARY DUTY

Rieman also takes issue with the trial court's determination that Reyes is not liable for breach of fiduciary duty. Rieman argues that "[t]here is no evidence that [Reyes] did not violate the fiduciary duty to R & R and its owners, including Appellant Rieman." That sentence represents Rieman's entire argument. He did not cite any law, point out any error, or flesh out the relevant facts.

"An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) (quotation marks and citation omitted). Providing an issue with only "cursory treatment constitutes abandonment of the issue." *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). In this case, we exercise our right to treat this issue as abandoned and decline to address it.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado