*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KB, a minor, by Next Friend SHAWNA PETERS,

Plaintiff-Appellant,

v

MAE BESSIE SOMMERVILLE,

Defendant-Appellee.

UNPUBLISHED
February 13, 2026
2:17 PM

No. 373512
Oakland Circuit Court
LC No. 2023-201309-NI

Before: RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

Plaintiff, acting as next friend of her minor son, KB, appeals as of right the judgment entered on a jury verdict of no cause of action in favor of defendant. We affirm.

## I. FACTUAL BACKGROUND

This action arises from a collision between KB and defendant. KB was riding a motorbike on a sidewalk. Defendant was driving her car. Defendant collided with KB as she was turning into her driveway. KB's right leg became trapped beneath defendant's vehicle. After he was freed, KB was taken home by his uncle. KB's grandmother contacted both the police and plaintiff. Deputy Colin Cavanaugh of the Oakland County Sheriff's Department responded to the scene and spoke with KB and defendant. Deputy Cavanaugh observed no indications that defendant was impaired. He determined, however, that KB had been operating the motorbike without a permit or registration and noted that the motorbike lacked required equipment, including headlights, brake lights, and turn signals. KB was taken to the hospital. He was treated for a serious injury to his right leg, along with abrasions and a soft-tissue laceration to his right foot. KB underwent surgery to irrigate and debride the wound, and a wound vacuum device was applied. He later required additional procedures for further irrigation and debridement, as well as a skin graft.

Plaintiff thereafter filed this negligence action against defendant. At trial, KB testified that he could not remember the details of the collision. Plaintiff, KB's uncle, and KB's grandmother all testified that they did not witness the incident. Defendant testified that she observed KB, brought her vehicle to a stop, and that KB then collided with her car. Defendant stated she was

traveling approximately 20 miles per hour, activated her turn signal, and was alert for children in the area because it was summertime.

Relevant to this appeal, plaintiff requested that the jury be instructed under M Civ JI 12.01, arguing that defendant had violated statutory requirements by driving at an unsafe speed and failing to maintain an assured clear distance. The trial court denied the request, concluding that the general negligence instructions sufficiently addressed the applicable legal standards. The jury ultimately found that defendant was not negligent. Following the verdict, Plaintiff moved for judgment notwithstanding the verdict (JNOV) or, alternatively, for a new trial. She asserted that reasonable minds could not differ as to defendant's negligence and that the verdict was against the great weight of the evidence. The trial court denied both motions. This appeal followed.

## II. ANALYSIS

### A. JNOV

Plaintiff first claims that the trial court erred when it denied her motion for JNOV. We disagree.

This Court reviews de novo a trial court's decision on a motion for JNOV. *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). "We review the evidence and all legitimate inferences in the light most favorable to the nonmoving party." *Id*. (quotation marks and citation omitted). "A motion for JNOV should be granted only when there was insufficient evidence presented to create an issue for the jury." *Pontiac Sch Dist v Miller, Canfield, Paddock & Stone*, 221 Mich App 602, 612; 563 NW2d 693 (1997). "If reasonable jurors could honestly have reached different conclusions, the jury verdict must stand." *Zantel Mktg Agency v Whitesell Corp*, 265 Mich App 559, 568; 696 NW2d 735 (2005) (quotation marks and citation omitted).

Here, plaintiff contends that no reasonable juror could conclude that defendant was not negligent. This position is inconsistent with plaintiff's position at trial. In opposing defendant's motion for a directed verdict, which was argued after the close of proofs, plaintiff argued that the evidence offered at trial permitted reasonable inferences supporting a finding of negligence, thereby presenting a question of fact for the jury. Under the doctrine of invited error, plaintiff cannot now assert that no factual dispute existed. The doctrine of invited error applies when a party's affirmative conduct induces or contributes to the alleged error. *Cassidy v Cassidy*, 318 Mich App 463, 476; 899 NW2d 65 (2017). When error is invited, appellate review is barred because the party has waived the issue. *Id*. In the proceedings below, plaintiff argued that the issue of negligence was properly submitted to the jury, and the trial court agreed. Because plaintiff previously asserted that, based on the evidence presented at trial, reasonable minds could differ on

the question of negligence, she cannot now claim the opposite on appeal. *Zantel Mktg Agency*, 265 Mich App at 568; *Cassidy*, 318 Mich App at 476. Accordingly, the issue is waived on appeal.[1]

## B. NEW TRIAL

Plaintiff next claims that the trial court erred when it denied her motion for a new trial. She maintains that the jury's verdict was against the great weight of the evidence. We disagree.

This Court reviews a trial court's decision on a motion for a new trial for an abuse of discretion. *Guerrero v Smith*, 280 Mich App 647, 666; 761 NW2d 723 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). "We give substantial deference to the trial court's conclusion that a verdict was not against the great weight of the evidence." *Guerrero*, 280 Mich App at 666.

A new trial may be granted when a verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). The trial court's role is to assess "whether the overwhelming weight of the evidence favors the losing party." *Guerrero*, 280 Mich App at 666. This inquiry requires examination of the entire record. *Dawe v Bar-Levav & Assocs, PC (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010). Where evidence conflicts, credibility determinations are generally left to the fact-finder. *Id.* "The trial court cannot substitute its judgment for that of the factfinder, and the jury's verdict should not be set aside if there is competent evidence to support it." *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999). "This Court gives deference to the trial court's unique ability to judge the weight and credibility of the testimony and should not substitute its judgment for that of the jury unless the record reveals a miscarriage of justice." *Id.*

In support of her contention that the verdict was contrary to the great weight of the evidence, plaintiff cites defendant's testimony regarding her eyesight, her awareness of children in the area, and her speed at the time of the incident, as well as testimony that KB was pinned between the vehicle and a brick wall. Although some of defendant's testimony was inconsistent, defendant's account of the collision was largely unrefuted. KB's own testimony also contained inconsistencies regarding how he was freed from under the vehicle and how he returned home. Specifically, KB claimed that he escaped from under defendant's vehicle and attempted to run home but collapsed while running. However, KB's uncle testified he carried KB home after

---

[1] Even if the matter was not waived, the trial court properly denied the motion for JNOV. Plaintiff claims that defendant's testimony established that defendant was negligent. Defendant testified that she drove at 20 miles per hour, used her turn signal, and watched for children. While parts of defendant's testimony were inconsistent, plaintiff entirely ignores KB's testimony. KB testified that he could not recall the collision. He further stated that he was not paying attention to traffic and agreed that he did not take lessons on how to operate a motorbike. Given defendant's and KB's testimonies, a reasonable jury could have reached different conclusions about defendant's negligence. Plaintiff was thus not entitled to JNOV.

freeing KB from under the vehicle. KB and defendant were the only eyewitnesses, and KB was unable to recall the details of the collision. As earlier stated, defendant testified that she was traveling approximately 20 miles per hour, was attentive to the presence of children, used her turn signal, and attempted to stop. Conversely, KB acknowledged that he was not paying attention to traffic and had not received training in operating a motorbike.

Given this record, plaintiff failed to demonstrate that the evidence overwhelmingly supported a finding of negligence. *Guerrero*, 280 Mich App at 666. Questions of credibility and the weight of the evidence were properly left to the jury. *Dawe*, 289 Mich App at 401. The trial court reasonably concluded that the jury's verdict should not be disturbed, and therefore did not abuse its discretion in denying the motion for a new trial.

Plaintiff also contends that the trial court failed to adequately address the substance of her motion for a new trial. Although the trial court's explanation was brief, for the reasons set forth above, we find no error in its conclusion that the motion should be denied.

## C. JURY INSTRUCTIONS

Finally, plaintiff argues that the trial court erred by refusing to give her requested jury instruction under M Civ JI 12.01. We agree that the trial court erred, but conclude that reversal is not warranted.

"We review claims of instructional error de novo." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "Jury instructions are reviewed in their entirety to determine whether they accurately and fairly presented the applicable law and the parties' theories." *Guerrero*, 280 Mich App at 660. This Court reviews a trial court's decision to allow or deny a special jury instruction for an abuse of discretion. *Chastain v Gen Motors Corp*, 254 Mich App 576, 590; 657 NW2d 804 (2002).

Plaintiff requested an instruction based on M Civ JI 12.01, asserting that defendant violated MCL 257.627[2] by failing to operate her vehicle at a speed that permitted stopping within an assured clear distance. The proposed instruction stated:

---

[2] MCL 257.627 states, in relevant part:

> (1) An individual operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition existing at the time. An individual shall not operate a vehicle on a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead . . . .

We have a statute in Michigan which provides that it is unlawful for a person to operate a vehicle on a highway at a speed greater than which will permit a stop within the assured clear distance ahead.

If you find that the Defendant has violated this statute before or at the time of the occurrence, you may infer that the Defendant was negligent.

The jury instruction accurately reflected the statute and was supported by evidence regarding defendant's speed and awareness of conditions. "When a party so requests, a court must give a standard jury instruction if it is applicable and accurately states the law." *Chastain*, 254 Mich App at 590. Accordingly, the trial court erred in refusing to give it. *Id*.

However, "[r]eversal based on instructional error is only warranted where failure to vacate the jury verdict would be inconsistent with substantial justice." *Freed v Salas*, 286 Mich App 300, 327; 780 NW2d 844 (2009) (quotation marks and citation omitted). "[W]e will not find error requiring reversal if, on balance, the trial court adequately and fairly conveyed the applicable law and theories of the parties to the jury." *Chastain*, 254 Mich App at 591. The trial court thoroughly instructed the jury on negligence, proximate cause, comparative fault, and the standards applicable to both defendant and KB. The instructions, taken as a whole, adequately conveyed the relevant legal principles. Moreover, M Civ JI 12.01 permits, but does not require, an inference of negligence. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). Even if the instruction had been given, the jury could reasonably have concluded that defendant was not negligent. Plaintiff has not shown that the absence of the instruction rendered the verdict inconsistent with substantial justice. Accordingly, although the trial court erred in denying the requested instruction, reversal is not required.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani

(2) Except as provided in subsection (1), it is lawful for the operator of a vehicle to operate that vehicle on a highway at a speed not exceeding the following:

\* \* \*

(d) Twenty-five miles per hour on a highway segment within the boundaries of a residential subdivision, including a condominium subdivision, consisting of a system of interconnected highways with no through highways and a limited number of dedicated highways that serve as entrances to and exits from the subdivision.